IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30797
Conference Calendar
_____


KENNETH JOHNSON,

                                        Plaintiff-Appellant,

versus

ORLEANS INDIGENT DEFENDERS PROGRAM;
ANNE TURISSINI, Attorney, Orleans
Indigent Defenders Program; WAYNE
FONTENELLE,

                                        Defendants-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 95-CV-1141-S
- - - - - - - - - -
(October 19, 1995)
Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

    Kenneth Johnson requests leave to proceed <u>in forma pauperis</u>
(IFP) on appeal from the dismissal of his lawsuit filed under 42
U.S.C. § 1983.  He argues that the defendants accorded him
ineffective representation, in contravention of his
constitutional rights, which allegedly resulted in his
unconstitutional imprisonment.

---

[*]     Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

To proceed IFP on appeal, a movant must show that he is a pauper and that he will present a nonfrivolous appellate issue. Carson v. Polley, 689 F.2d 562, 586 (5th Cir. 1982).  Johnson's poverty is not in question.

In order to recover damages for an allegedly unconstitutional imprisonment, a § 1983 plaintiff must prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas under § 2254.  Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994).  Otherwise, such a claim for damages is not cognizable under § 1983 and must be dismissed.  Id.

Johnson has not even alleged, let alone made the requisite showing to satisfy the Heck standard.  His claim is thus not cognizable under § 1983.  The district court's dismissal of Johnson's complaint was proper.  Heck, 114 S. Ct. at 2372.

This appeal presents no issue of arguable merit and is thus frivolous.  Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  See 5th Cir. R. 42.2.

We caution Johnson that any additional frivolous appeals filed by him or on his behalf will invite the imposition of sanctions.  To avoid sanctions, Johnson is further cautioned to review any pending appeals to ensure that they do not raise arguments that are frivolous because they have been previously decided by this court.

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING GIVEN.