# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 26, 2010

No. 09-30874
Summary Calendar

Lyle W. Cayce
Clerk

KENNETH JOHNSON,

Plaintiff-Appellant

v.

ARTHUR A. MORRELL, Clerk of Court; ORLEANS PARISH DISTRICT ATTORNEY; SUPERINTENDENT OF POLICE DEPARTMENT OF ORLEANS PARISH,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CV-3753

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Kenneth Johnson appeals the dismissal of his 42 U.S.C. § 1983 complaint in which he alleged that the defendants violated his federal civil rights by denying him Louisiana public records in their control or custody. Citing 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1)), the district court dismissed the complaint as frivolous and for failure to state a claim upon which relief could be

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

granted. Johnson will be permitted to pursue his appeal as a pauper if his IFP motion in this court is timely, he is a pauper, and the appeal is taken in good faith, i.e., is nonfrivolous. *See* FED. R. APP. P. 24(a)(5); *see also Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Because the district court based its decision on § 1915 and § 1915A both, review is de novo. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Johnson makes clear that his complaint is that the defendants violated their official duties imposed by the Louisiana statutes governing access to public records and by the Louisiana Constitution. Johnson's claim for declaratory and injunctive relief amounts to a request for a writ of mandamus against state officials, which is not authorized by § 1983 if no other relief is sought. *See Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973). Johnson's complaint states no basis for mandamus relief or for any other relief. Johnson does not even explain why he wants the records and how not having them has harmed him; there is no claim that Johnson has even attempted to file any action in state court in which the requested records might be needed.

A matter is frivolous if it presents no "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Under 5TH CIR. R. 42.2, we may dismiss a frivolous appeal sua sponte. *Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997). Johnson presents no issue that is not frivolous. *See Howard*, 707 F.2d at 220. Johnson has failed to show that the district court's dismissal of his complaint should be reversed. *See Geiger*, 404 F.3d at 373.

The district court's dismissal of Johnson's suit counts as a strike under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). So does this court's dismissal of this appeal. *See id.* at 388. Additionally, Johnson already had two strikes before he filed this suit. *See Johnson v. Moore*, 316 F. App'x 347, 348 (5th Cir. 2009), and *Johnson v. Orleans Indigent*, 70 F.3d 1268 *1 (5th Cir. 1995). Because Johnson has accumulated at least three strikes, he

2

No. 09-30874

is barred from proceeding IFP in a civil action or an appeal from a judgment in a civil action or proceeding under § 1915 unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

MOTION TO FILE SUPPLEMENTAL BRIEF GRANTED; MOTION TO PROCEED IFP DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.